UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND CALDWELL, JR.,

       Petitioner,

v.                                         CASE NO. 09-13217

STATE OF MICHIGAN and WALTER P.     HONORABLE AVERN COHN
REUTHER PSYCHIATRIC HOSPITAL,

       Respondents.
_____/

## ORDER OF DISMISSAL

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner alleges that he was charged in Washtenaw County, Michigan with felonious assault and possession of both marijuana and heroin. On May 23, 2006, he was adjudicated not guilty by reason of insanity, and on June 1, 2006, he was admitted to the Center for Forensic Psychiatry for an indeterminate period of time. He currently is confined at the Walter P. Reuther Psychiatric Hospital in Westland, Michigan. Petitioner alleges that he no longer meets the legal criteria of "a person requiring treatment," as defined by Mich. Comp. Laws § 330.1401, and, therefore, his involuntary hospitalization is unlawful, and his detention violates due process of law.

A threshold question is whether Petitioner exhausted state remedies for his claim. The doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29 (2004). State prisoners must "invok[e] one

complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999).

Petitioner contends that there is no state judicial remedy for challenging his detention. The Court disagrees. Among the judicial remedies available in Michigan is a complaint for the writ of habeas corpus, which prisoners may file in any court of record except the probate courts. Mich. Ct. R. 3.303(A). A state complaint for habeas corpus ordinarily may not be used by state prisoners to challenge their convictions, Mich. Comp. Laws § 600.4310(3)[1], but Petitioner is not challenging the adjudication of the criminal charges against him. Instead, he seeks to test the authority of the State of Michigan to continue his hospitalization after it has been determined that he no longer meets the criteria for involuntary commitment. Use of a state complaint for the writ of habeas corpus to challenge Petitioner's confinement comports with the function of the writ, which is to "test the legality of the detention of any person restrained of his liberty." Triplett v. Deputy Warden, 371 N.W.2d 862, 866 (1985).

The Court concludes that Petitioner has an available state remedy for his claim and that he failed to exhaust the remedy before filing his federal habeas corpus petition. Accordingly, his petition (Dkt. 1) is summarily DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and

---

[1] An exception exists when there was a radical defect in the trial court's jurisdiction to try the defendant for the crime in question. Moses v. Dep't of Corr., 736 N.W.2d 269, 27 (2007).

Scott v. Collins, 286 F.3d 923, 929-30 (6th Cir. 2002) (stating that Rule 4 authorizes a district court to dismiss a habeas petition sua sponte before ordering a responsive pleading if it plainly appears from the face of the petition that the petitioner is not entitled to relief), abrogated on other grounds by Day v. McDonough, 547 U.S. 198 (2006).

                 s/ Avern Cohn
                 AVERN COHN
                 UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2009

I hereby certify that a copy of the foregoing document was mailed to Cleveland Caldwell 916123, Walter P. Reuther Psychiatric Hospital, 30901 Palmer Rd, Westland, MI 48186 on this date, August 26, 2009, by electronic and/or ordinary mail.

                 s/ Julie Owens
                 Case Manager, (313) 234-5160